**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3818

BONNIE J. KENNY; CINDY GREGORY,
*Appellants*
v.

UNIVERSITY OF DELAWARE; CHRISSI RAWAK, individually and in her capacity
as Athletic Director of the University of Delaware; THOMAS LAPENTA, individually
and in his capacity as Human Resources Director
_____

Appeal from the United States District Court
for the District of Delaware
(No. 1:17-cv-01156)
District Judge: Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 6, 2020
_____

Before: McKEE, BIBAS, and FUENTES, *Circuit Judges*.

(Opinion filed: August 19, 2020)
_____

OPINION[*]
_____

McKEE, *Circuit Judge*.

Bonnie Kenny and Cindy Gregory appeal the District Court's grant of summary

judgment to the defendants, the University of Delaware and related officials, on their

_____
[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

employment discrimination claims.[1] Kenny and Gregory are the former coaches of the University of Delaware women's volleyball team and a married lesbian couple who were in their fifties at time of their termination. They allege that they were fired because of their age and their sexual orientation in violation of the Age Discrimination in Employment Act, the Delaware Discrimination in Employment Act, and the Equal Protection Clause of the Fourteenth Amendment. After exercising plenary review over the District Court's decision granting summary judgment to the defendants,[2] we will affirm substantially for the reasons set forth in the District Court's thorough Memorandum Opinion.[3]

We agree that there were multiple non-discriminatory reasons for firing Kenny and Gregory as outlined by the District Court.[4] We further agree that Kenny and Gregory failed to show that the multiple, consistent reasons for replacing them were a mere pretext for age or sexual orientation discrimination.[5] Because a reasonable factfinder

---

[1] The District Court had federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). We exercise appellate jurisdiction under 28 U.S.C. § 1291.

[2] *See Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 362 (3d Cir. 2008).

[3] B12-17.

[4] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973) (explaining that the defendant may defeat a plaintiff's *prima facie* discrimination case under Title VII by identifying legitimate non-discriminatory reasons for the employment action). The same framework applies to ADEA claims, *Smith v. City of Allentown*, 589 F.3d 684, 691 (3d Cir. 2009), and discrimination claims under the DDEA, *Giles v. Family Court of Delaware*, 411 A.2d 599, 601-02 (Del. 1980).

[5] *See Fuentes v. Perskie,* 32 F.3d 759, 764-65 (3d Cir. 1994) (explaining that a plaintiff can show that claimed legitimate, non-discriminatory reasons are a pretext for discrimination by demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its

could not conclude based on this record that the defendants' decision to fire plaintiffs

stemmed from a discriminatory motive in violation of state or federal law, we will affirm

the grant of summary judgment to the defendants.

action that a reasonable factfinder *could* rationally find them unworthy of credence")
(internal quotation omitted) (emphasis in original).